# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

STATE OF ARKANSAS AND ARKANSAS DEPARTMENT OF ENERGY AND ENVIRONMENT, DIVISION OF ENVIRONMENTAL QUALITY,

    *Petitioners,*

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY AND MICHAEL S. REGAN, ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

    *Respondents.*

Case No. 23-1320

## MOTION OF EAST TEXAS ELECTRIC COOPERATIVE, INC. FOR LEAVE TO INTERVENE IN SUPPORT OF PETITIONERS

Under Rule 15(d) of the Federal Rules of Appellate Procedure, East Texas Electric Cooperative ("ETEC") moves for leave to intervene in support of Petitioners State of Arkansas ("the State") and Arkansas Department of Energy and Environment, Division of Environmental Quality ("DEQ") (collectively "the Petitioners") in the above-captioned case and state as follows:

1

Petitioners were unable to reach Counsel for Petitioners for their position to this Motion, but Petitioners reserved their position as to a similar motion. *See* Motion for Leave to Intervene, Plum Point Energy Associates, LLC, Dkt. 23-1320 (8th Cir. March 20, 2023). Counsel for Respondents United States Environmental Protection Agency ("EPA") have authorized Proposed Intervenor to represent that EPA reserves its position to this Motion.

## INTRODUCTION

Proposed Intervenor, ETEC, co-owns the Plum Point Energy Station (the "Energy Station"), a 680-MW coal-fired power plant located in Osceola, Arkansas and owns 7.52% of the Energy Station. ETEC will be directly financially impacted by the result of EPA's actions and Petitioners' petition for review challenging that action, so ETEC should be allowed to intervene.

Petitioners ask this court to review Respondent's disapproval of Arkansas's State Implementation Plan ("SIP"), included as part Respondent's Finale Rule titled "Air Plan Disapprovals; Interstate Transport of Air Pollution for the 2015 8-Hour Ozone National Ambient Air Quality

2

Standards," published in the Federal Register at 88 Fed. Reg. 9,336 (February 13, 2023).

The State's rejected SIP addressed interstate transport of air pollution for the 2015 ozone Nation Ambient Air Quality Standards ("NAAQS") and concluded that the State's air emissions will not contribute significantly to nonattainment or interfere with maintenance of the 2015 ozone NAAQS in other states. Respondent's SIP rejection is a precursor for promulgation of a Federal Implementation Plan ("FIP") to address specific requirements of the CAA. The FIP's emissions limits would apply to the Energy Station.

ETEC has a strong and persistent interest in the lawful promulgation of thoughtful, fair, and consistent emissions regulations that preserve the State's role in the SIP process according to the principles of cooperative federalism envisioned under the CAA. ETEC also moves to intervene to defend against more stringent regulatory requirements to be imposed by Respondents, which would unreasonably impose significant costs for environmental control technology on the Energy Station. The

proposed FIP will reduce emissions limits and require installation of additional compliance controls or other compliance strategies at the Energy Station at substantial cost to ETEC.

## ARGUMENT

Federal Rule of Appellate Procedure 15(d) provides procedural requirements for intervention in a review of an agency order. *See* Rule 15(d). But "Rule 15(d) does not provide standards for intervention, so appellate courts have turned to the rules governing intervention in the district courts under Fed. R. Civ. P. 24." *Sierra Club, Inc. v. E.P.A.*, 358 F.3d 516, 517–18 (7th Cir. 2004) (citing *Automobile Workers v. Scofield*, 382 U.S. 205, 209–10, 216–17 & n. 10 (1965) and *Texas v. U.S. Dep't of Energy*, 754 F.2d 550, 551 (5th Cir. 1985)). In the Eighth Circuit, a prospective intervenor must also establish Article III standing in addition to Rule 24's requirements. *Nat'l Parks Conservation Ass'n v. U.S. E.P.A.*, 759 F.3d 969, 974 (8th Cir. 2014). Because standing is a threshold matter, ETEC begins there, before confirming it meets Fed. R. App. P. 15(d)'s

4

procedural requirements and Fed. R. Civ. P. 24's substantive requirements to intervene.

### A. ETEC Has a Constitutional Standing to Intervene.

ETEC has Article III standing because it can demonstrate an injury to a legally protected interest that is concrete, particularized, and either actual or imminent which is fairly traceable to the defendant's conduct, and that a favorable decision will likely redress the injury. *United States v. Metro St. Louis Sewer Dist.*, 569 F.3d 829, 833–34 (8th Cir. 2009) (internal citations omitted).

ETEC has an Article III injury. As discussed above, the Energy Station owned, in part, and operated by ETEC will suffer a real and direct financial harm if the Respondent's rejection of the SIP stands and the FIP that EPA signed and announced on March 15, 2023 (EPA, Good Neighbor Plan for 2015 Ozone NAAQS) [1] (hereinafter, "Pre-Publication Final FIP") is published and becomes applicable, ETEC will be required to, at minimum, purchase expensive emissions allowances and, in the course of two to five years, install costly Selective Catalytic Control (SCR)

---

[1] Good Neighbor Plan for 2015 Ozone NAAQS | US EPA,
https://www.epa.gov/csapr/good-neighbor-plan-2015-ozone-naaqs

Appellate Case: 23-1320    Page: 5    Date Filed: 03/20/2023 Entry ID: 5256962

technologies in order to avoid significant curtailment of its operations during the summer months. This results from significantly reduced NOx emissions budgets be assigned to the State of Arkansas and insufficient NOx emission allowances being assigned to the Energy Station. Respondent acknowledges throughout the Pre-Publication Final FIP and in supporting documents in the docket that multiple hundreds of millions of dollars of expense will be incurred for units required to install SCRs and, at minimum, multiple tens of millions of dollars will be incurred purchasing the necessary allowances to operate during the summer months.

"For standing purposes, a loss of even a small amount of money is ordinarily an injury." *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 464 (2017) (*McGowan v. Maryland*, 366 U.S. 420, 430–431 (1961)). The proposed control technologies will certainly cost more than the $5 that was enough for standing in *McGowan* or the "$10,000 pocketbook harm" in *Federal Election Commission v. Cruz*, 142 S.Ct. 1638, 1646 (2022). Such a "risk of direction financial harm establishes an injury in fact" that is "concrete, particularized, and imminent . . . ." *Nat'l Parks Conservation*

6

*Ass'n v. U.S. E.P.A.*, 759 F.3d 969, 975 (8th Cir. 2014) (costly control technology of millions of dollars required by future legal action constituted Article III injury).

Here, ETEC's injury would be directly inflicted by Respondents' final action which Petitioner and ETEC now challenge, which makes the injuries traceable to the Respondent. *See Cruz*, 142 S.Ct. at 1647. ETEC "can trace its injury to the EPA . . . if [Arkansas does not] obtain relief." *See Nat'l Parks*, 759 F.3d at 975. Because Respondent would act—and do so arbitrarily and capriciously—according to its final action, and that final action would be the basis of regulation requiring the costly control technology, ETEC satisfies the causation element of standing. *Id.*

But this Court's decision disapproving of Respondent's action would redress ETEC's would-be costs adding costly controls to the Energy Station. That is, if the Court rejects the Respondent's action, the financial impact of the proposed FIP would no longer be a threat to ETEC. *See Nat'l Parks*, 759 F.3d at 975. So the Court can redress ETEC's concrete, imminent injury that the Respondent will cause. ETEC has Article III standing.

7

## B. ETEC is Entitled to Intervention Under Fed. R. App. P. 15(d).

A party seeking to intervene must file a motion within 30 days after the petition for review is filed and include "a concise statement of interest of the moving party and the grounds for intervention." Fed. R. App. P. 15(d). This Motion is filed within 30 days from the date Petitioners filed their Petition for Review and is therefore timely. *See id*. Petitioners filed their petition for review on February 16, 2023. *See*, *State of Arkansas v. EPA,* Dkt. 23-1320, Petition for Review (2/16/2023). Thirty days from February 16, 2023 was March 18, 2023—a Saturday. So that means the date to file is March 20, 2023. *See* Fed. R. App. P. 26 Allowing ETEC to intervene will not disrupt the proceedings because no substantive filings have been made and Petitioners' opening brief is not due until April 17, 2023.

ETEC has a direct and substantial interest in the outcome of Case Number 23-1320 because the Respondent's rejection of the State's SIP triggers a FIP, which impacts the Energy Station. ETEC expects to incur substantial financial costs associated with the implementation of additional compliance controls to comply with the regulations. ETEC is part

8

owner and operates the Energy Station, and the cost of new control technology will directly impact it financially.

But because "Rule 15(d) does not provide standards for intervention, so appellate courts have turned to the rules governing intervention in the district courts under Fed. R. Civ. P. 24," so too ETEC will turn to Fed. R. Civ. P. 24. *See Sierra Club, Inc. v. E.P.A.*, 358 F.3d at 517–18

### C. ETEC is Entitled to Intervention as of Right Under Fed. R. Civ. P. 24(a).

"A court ruling on a motion to intervene must accept as true all material allegations in the motion to intervene and must construe the motion in favor of the prospective intervenor." *Nat'l Parks*, 759 F.3d at 973 (discussing Fed. R. Civ. P. 24 intervention). Fed. R. Civ. P. 24 is to be construed liberally and doubts resolved in favor of proposed intervenors. *See Kansas Pub. Employees Retirement Sys. v. Reimer & Koger Assoc.*, 60 F.3d 1304, 1307 (8th Cir. 1995). The Clean Air Act is silent as to intervention, so Fed. R. Civ. P. 24(a)(1) is inapplicable. But under Fed. R. Civ. P. 24(a)(2), a motion to intervene must be granted when: (1) the movant has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties. *See*

*South Dakota ex rel. Barnett v. US. Dept. of Interior*, 317 F.3d 783, 785 (8th Cir. 2003).

ETEC satisfies the first two elements for intervention under Rule 24(a)(2). As discussed above, ETEC, as a part owner in the Energy Station, will be directly regulated and burdened by increased financial costs associated with the disapproved SIP and proposed FIP. A direct effect to ETEC's financial interest satisfies Fed. R. Civ. P. 24(a)(2)'s recognized-interested requirement. *Nat'l Parks*, 759 F.3d at 976; *see also Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1115 (10th Cir. 2002) ("The threat of economic injury from the outcome of litigation undoubtedly gives a petitioner the requisite interest.") (quoted by *Nat'l Parks*).

In addition, ETEC's business and economic interests will be impaired by a ruling in favor of Respondents. This Court's evaluation of the Respondent's SIP rejection would impact ETEC's ability to operate the Energy Station and could cause material financial harm should controls be required as proposed. *See Nat'l Parks,* 759 F.3d at 976 (holding that power plant owner's property interest in its facility and its financial stake in the litigation are sufficient to satisfy the recognized interest

10

requirement of Fed. R. Civ. P. 24(a)(2), and a court order requiring EPA to impose control technology requirements on the power plant would impair their interest); *Mille Lacs Band of Chippewa Indians v. Minnesota,* 989 F.2d 994, 997–98 (8th Cir. 1993) (proposed intervenors' property interest and reduction in property value, and a judgment favorable to the opposing party that may impair those interest, "easily satisfy" the first two requirements for intervention as of right).

ETEC also satisfies the requirement that the current parties "may be" inadequate to represent its interests. "A proposed intervenor typically need only carry a 'minimal' burden of showing that their interests are inadequately represented by the existing parties." *Nat'l Parks*, 759 F.3d at 976 (quote omitted). Even when the one the parties is a state agency, if the intervenor's interests diverge from the state's public interest, the requirement for intervention is met. *Id.* at 976–77.

Here, ETEC's interest diverges from that of Petitioner's. Although ETEC and Petitioner seek the same outcome,[2] ETEC has unique

---

[2] To be sure," tactical similarity between the legal positions of [Intervenor and Petitioner] does not assure adequate representation." *Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 60 F.3d 1304, 1308 (8th Cir. 1995).

11

business and economic interests that are specific to owning, in part, and operating a coal-fired generating station that are not necessarily shared by the State. ETEC "owns [a] target[ed] power plant; it is seeking to protect a more narrow . . . financial interest not shared by [the general public]." *Nat'l Parks*, 759 F.3d at 977; *see also Mille Lacs*, 989 F.2d at 1000. ETEC's interests are different from the Petitioner-State's interests because of the business and economic stakes relating to the Energy Station are different than the Federalism interests Petitioner may seek to protect. Indeed, Petitioner would "shirk its duty were it to advance the narrower interest of a private entity." *Nat'l Parks*, 759 at 977 (quote omitted). Because ETEC satisfies the minimal inadequate representation requirement, it is entitled to intervene as of right.

### D. Alternatively, ETEC is Entitled to Permissive Intervention Under Fed. R. Civ. P. 24(b).

In the alternative, ETEC requests that it be allowed to intervene under Rule 24's permissive intervention section. Federal Rule of Civil Procedure 24(b) grants Federal courts broad discretion to permit the intervention of any party that "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

12

Under Fed. R. Civ. P. 24(b), the main inquiry is the degree to which intervention "will unduly delay or prejudice the adjudication of the original parties' rights." 7C Wright & Miller, Federal Practice and Procedure § 1913 (3d ed. 2008).

ETEC seeks to represent its interests associated with owning, in part, and operating the Energy Station. Neither Petitioner nor Respondent will be prejudiced by the addition of ETEC as the case is still young and the briefing has just begun. Further, the Respondent cannot claim prejudice because it will be seeking to transfer this case to the D.C. Circuit, which it will be starting the litigation over again. *See, e.g.*, Respondent's Motion to Transfer Venue, at 8, *Texas v. EPA*, No. 23-60069 (5th Cir. March 15, 2023) ("Thus far, petitions for review of the Final Rule have also been filed in the Sixth, Eighth, and Tenth Circuits, and EPA intends to file similar motions to transfer to the D.C. Circuit . . ."); *see also id.* at 8 n.5 (citing Petition for Review, *Arkansas v. EPA*, No. 23-1320 (8th Cir. Feb. 16, 2023)). Adding ETEC at this stage will not cause a delay in the proceeding and will cause no prejudice to the rights of the existing parties.

## CONCLUSION

For the foregoing reasons, Proposed Intervenor respectfully requests that this Court grant its motion to intervene as party-petitioners.

Dated: March 20, 2023

Respectfully Submitted,

**Jackson Walker LLP**
Jennifer Caughey
Eighth Cir. Bar No. 21-0301
Texas Bar No. 24080826
1401 McKinney Street, Suite 1900
Houston, Texas 77010
[Tel.] (713) 752-4200
[Fax] (713) 308-4188
jcaughey@jw.com

Michael J. Nasi
Texas Bar No. 00791335
Cody Lee Vaughn
Texas Bar No. 24115897
100 Congress Avenue, Suite 1100
Austin, Texas 78701
[Tel.] (512) 236-2222
[Fax] (512) 391-2194
mnasi@jw.com
cvaughn@jw.com

*Counsel for ETEC*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel states that this motion complies with Fed. R. App. P. 27(d)(2)(A) because it contains 2,381 words, excluding the caption and signature blocks, as counted by a word processing system and, therefore, is within the 5,200-word limit. The motion also complies with typeface and type-style requirements of Fed. R. App. P. 32(a)(5) because it has been prepared in a proportionally spaced typeface in 14-point or larger font.

Dated: March 20, 2023

                                          */s/ Jennifer Caughey*
                                          Jennifer Caughey

                                          *Counsel for ETEC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Motion of Plum Point Energy Associates for Leave to Intervene in Support of Petitioners* was served this 20th day of March, 2023, through CM/ECF on all registered counsel.

*/s/ Jennifer Caughey*
Jennifer Caughey
