IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

No. 23-1320
STATE OF ARKANSAS, et al.,

*Petitioners*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,

*Respondents*.

No. 23-1719
STATE OF MISSOURI,

*Petitioner*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,

*Respondents*.

No. 23-1751
UNION ELECTRIC COMPANY, DOING BUSINESS AS AMEREN
MISSOURI,

*Petitioner*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,

*Respondents.*

---

No. 23-1765

SOUTHWESTERN ELECTRIC POWER COMPANY AND ARKANSAS ELECTRIC COOPERATIVE CORPORATION,

*Petitioners*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,

*Respondents.*

---

No. 23-1774

CITY UTILITIES OF SPRINGFIELD, MISSOURI BY AND THROUGH THE BOARD OF PUBLIC UTILITIES,

*Petitioner*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,

*Respondents.*

---

No. 23-1776

ALLETE, INC., DOING BUSINESS AS MINNESOTA POWER, ET AL.,

*Petitioners*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,

*Respondents*.

———————————

No. 23-1777
HYBAR, LLC,

*Petitioner*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,

*Respondents*.

———————————

No. 23-1778
ARKANSAS LEAGUE OF GOOD NEIGHBORS,

*Petitioner*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,

*Respondents*.

———————————

PETITION FOR REVIEW OF A FINAL AGENCY ACTION OF THE UNITED
STATES ENVIRONMENTAL PROTECTION AGENCY

———————————

**RESPONDENTS' OPPOSED MOTION TO HOLD THE CASE IN
ABEYANCE**

———————————

                                   LISA LYNNE RUSSELL
                                       *Deputy Assistant Attorney General*

*Of Counsel:*
ROSEMARY HAMBRIGHT KABAN    JIN HYUNG LEE
DANIEL P. SCHRAMM          AMANDA V. LINEBERRY
*Office of the General Counsel*    MIRANDA M. JENSEN
*U.S. Environmental Protection*      *U.S. Department of Justice*
   *Agency*                       *Environment and Natural Resources*
*Washington, DC*                     *Division*
                                   *P.O. Box 7611*
                                   *Washington D.C. 20044-7611*

Pursuant to Federal Rule of Appellate Procedure 27, Respondents the United States Environmental Protection Agency and its Administrator, Lee Zeldin[1] (collectively "EPA"), respectfully move to hold the case in abeyance with status reports due every 90 days to allow new Agency leadership to review the underlying final rule, Air Plan Disapprovals; Interstate Transport of Air Pollution for the 2015 8-Hour Ozone National Ambient Air Quality Standards, 88 Fed. Reg. 9336 (Feb. 13, 2023) ("Disapproval"). EPA has conferred with the parties to this litigation; private-sector petitioners do not oppose EPA's request, and the State of Arkansas and the State of Missouri do oppose EPA's request.

In support of its motion, EPA states as follows:

1. In these consolidated cases, Petitioners in Louisiana, Mississippi, and Texas challenge EPA's Disapproval, which disapproved 21 states' plans for not adequately addressing their emissions' impacts to downwind states' ozone levels, as required by the Clean Air Act's "Good Neighbor" Provision. 42 U.S.C. § 7410(a)(2)(D)(i)(I).

2. Relatedly, other petitioners challenged the Disapproval in the Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, Eleventh, and D.C. Circuits. *See, e.g., West Virginia v. EPA*, No. 23-1418 (4th Cir.); *Texas v. EPA*, No. 23-60069 (5th Cir.);

---

[1] Administrator Lee Zeldin is substituted for former Administrator Michael S. Regan pursuant to Federal Rule of Appellate Procedure 43(c)(2).

*Kentucky v. EPA*, No. 23-3216 (6th Cir.); *Nev. Cement Co. v. EPA*, No. 23-682 (9th Cir.); *Utah v. EPA*, No. 9509 (10th Cir.); *Alabama v. EPA*, No. 23-11173 (11th Cir.); *Utah v. EPA*, No. 23-1102 (D.C. Cir.) (consolidating cases).

3. In this Court, a motions panel stayed the Disapproval as to Arkansas, Missouri, and Minnesota in the summer of 2023. *Arkansas*, No. 23-1320, ECF No. 5280996 (staying the Disapproval as to Arkansas); *Missouri*, No. 23-1719, ECF No. 5281126 (staying the Disapproval as to Missouri); *Allete*, No. 23-1776, ECF No. 5292580 (staying the Disapproval as to Minnesota).

4. Merits briefing completed in January 2024, *see, e.g.*, *Arkansas*, No. 23-1320, ECF No. 5355291, and this Court held oral argument on October 22, 2024, *id.*, ECF No. 5449051.

5. As the Court is aware, a new administration took office on January 20, 2025. As a result, EPA is reviewing the Disapproval and will need time to complete its review and brief the new administration officials about these consolidated petitions and the underlying Disapproval, so that the agency can determine what actions, if any, are necessary. Thus, to undertake its review of the Disapproval in an orderly and deliberate fashion, EPA requests that this Court abate proceedings in this matter with status reports due every 90 days.

6. This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997);

2

*see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936); *Bledsoe v. Crowley*, 849 F.2d 639, 645 (D.C. Cir. 1988). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

7. An abeyance is warranted here because courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) (recognizing that "regulatory agencies do not establish rules of conduct to last forever" and "an agency must be given able latitude to adapt their rules and policies to the demands of changing circumstances." (internal quotation marks omitted)); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that "[a] change in administration . . . is a perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted)).

8. Courts routinely grant stays or abeyance in circumstances like those presented here where a new administration seeks to review prior actions. *See, e.g.*,

3

Order (ECF 1675813, 1670157), [2] *Am. Petroleum Inst. v. EPA*, No. 13-1108 (D.C. Cir. May 18, 2017) (abating challenge to EPA's authority to regulate methane from oil and gas operations following change of administration); Order (ECF 1673071, 1668274), *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. Apr. 28, 2017) (abating challenges to Clean Power Plan rule following change of administration).

9.     An abeyance would also preserve resources of the parties and the Court. It is possible that after its review, EPA could take further action that may obviate the need for judicial resolution of some or all of the disputed issues.  Good cause thus exists for an abeyance.  *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

For all these reasons, EPA respectfully requests that this Court place this matter in abeyance with status reports due every 90 days.

---

[2] In this and the following citations, the first ECF No. refers to the Court's Order and the second ECF No. refers to EPA's motion for a stay or abeyance.  The date refers to the Order entered by the Court.

Respectfully submitted,

LISA LYNNE RUSSELL
   *Deputy Assistant Attorney General*

Of Counsel:

ROSEMARY HAMBRIGHT KABAN
DANIEL P. SCHRAMM
U.S. Environmental Protection Agency
Office of General Counsel
Washington, DC

February 13, 2025

*/s/ Jin Hyung Lee*
MIRANDA M. JENSEN
JIN HYUNG LEE
AMANDA V. LINEBERRY
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-2640
jin.hyung.lee@usdoj.gov

## CERTIFICATES OF COMPLIANCE

I hereby certify that this motion complies with the requirements of Fed. R. App. P. 27(d)(2)(C) because it contains 910 words according to the count of Microsoft Word, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

I further certify that this motion complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in 14-point Times New Roman, a proportionally spaced font, and is double-spaced, except for headings, block quotes, and footnotes.


Dated: February 13, 2025                    /s/ Jin Hyung Lee
                                            JIN HYUNG LEE

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing motion on all registered counsel through the Court's electronic filing system (CM/ECF).


Dated: February 13, 2025

 */s/ Jin Hyung Lee*
JIN HYUNG LEE