# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

STATE OF ARKANSAS, et al.,

    Petitioners,

       v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,

    Respondents.

No. 23-1320

---

## RESPONDENTS' OPPOSED MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, CLARIFICATION OF THE COURT'S APRIL 25, 2023, ORDER DENYING RESPONDENTS' MOTION TO TRANSFER OR DISMISS

Respondents U.S. Environmental Protection Agency and Michael S. Regan, Administrator of the U.S. Environmental Protection Agency (collectively, "EPA") respectfully move the Court to reconsider its April 25, 2023, Order ("April 25 Order"), ECF No. 5269098, denying EPA's Motion to Transfer the Petition for Review to the D.C. Circuit or Dismiss Based on Improper Venue ("Venue Motion"), ECF No. 5256958. *See* 8th Cir. R. 27A; *Internal Operating Procedures*, United States Court of Appeals for the Eighth Circuit, at 16. In the alternative, EPA requests that this Court at minimum clarify that the merits panel may address venue anew after full briefing.

Petitioners State of Arkansas and the Arkansas Department of Energy and Environment, Division of Environmental Quality (collectively, "Arkansas")

1

challenge EPA's final rule disapproving, in a single action, 21 state implementation plans under the Clean Air Act ("CAA" or the "Act"). Air Plan Disapprovals; Interstate Transport of Air Pollution for the 2015 8-Hour Ozone National Ambient Air Quality Standards, 88 Fed. Reg. 9336, 9338 (Feb. 13, 2023) ("Final Rule").

The Act's venue provision, 42 U.S.C. § 7607(b)(1), directs that EPA actions such as the Final Rule—i.e., those that are nationally applicable or, alternatively, are locally applicable but based on a determination of nationwide scope or effect— may be challenged only in the D.C. Circuit, while other, purely local actions may be challenged in the regional circuits. The April 25 Order denying, without explanation, EPA's Venue Motion undermines Congress's bifurcated venue scheme by allowing Arkansas to proceed in the wrong forum. It also injects unnecessary confusion and inefficiencies into judicial review of EPA's Final Rule, as the same venue issue is present in other petitions pending before this Court, before the D.C. Circuit, and before other regional circuits across the country. That the exact same dispute is playing out with regard to the same Final Rule in multiple circuits across the country underscores the national character of EPA's action and the importance of Congress's decision to centralize review in the D.C. Circuit to prevent inconsistent rulings. Failure to adhere to the statute would be especially

2

troubling here, where the result could impose varying obligations on states to address in-state pollution affecting the air quality of neighboring states.

For the reasons set forth below, EPA respectfully requests that this Court reconsider its April 25 Order and transfer the petition to the D.C. Circuit. Alternatively, EPA requests that this Court clarify that the merits panel may address venue anew after full briefing. *See* Order, *Lion Oil Co. v. EPA*, No. 14-3405, ECF No. 4229365 (8th Cir. Dec. 24, 2014); Order, *Utah v. EPA*, No. 23-9509, ECF No. 010110851072 (10th Cir. Apr. 27, 2023) (referring EPA's Venue Motion to the merits panel for resolution).[1]

## BACKGROUND

As explained in EPA's Venue Motion, 42 U.S.C. § 7607(b)(1) makes venue exclusive in the D.C. Circuit in two instances. First, a challenge to a "nationally applicable" EPA final action "may only be filed in the" D.C. Circuit. *Id.* Second, if the challenge is to an EPA final action "which is locally or regionally applicable" but "based on a determination of nationwide scope or effect and if in taking such action the Administrator [of EPA] finds and publishes that such action is based on such a determination," then any petition for review "may be filed only in the" D.C. Circuit. *Id.*; *Nat'l Parks Conservation Ass'n v. McCarthy* (*NPCA*),

---

[1] Based on discussions with Arkansas's counsel, EPA's counsel expects Arkansas will file an opposition to this motion.

816 F.3d 989, 993 (8th Cir. 2016). Thus, § 7607(b)(1) assigns venue to challenges to EPA actions taken under the CAA based exclusively on the nature of EPA's "final action." 42 U.S.C. § 7607(b)(1).

Following EPA's 2015 revision of the ozone air-quality standards, states were required to submit state implementation plans ("SIPs") to implement, attain, and enforce the 2015 ozone air-quality standards. *See* 42 U.S.C. § 7410(a)(1). In evaluating each SIP's compliance with the Good Neighbor Provision, EPA reviewed each state's submission using a judicially upheld, four-step framework. *See, e.g.*, *EPA v. EME Homer City Generation, L.P.*, 572 U.S. 489, 524 (2014). EPA applies this "nationally uniform" approach to ensure national consistency and avoid inequitable results among states. Final Rule, 88 Fed. Reg. at 9337-38, 9339-40. Upon evaluation, EPA proposed to disapprove SIP submissions from 23 states, including Arkansas, for failure to meet the Act's Good Neighbor Provision, 42 U.S.C. § 7410(a)(2)(D)(i)(I), and ultimately finalized its disapproval for 21 states that span eight of the ten EPA Regions and ten federal judicial circuits in its Final Rule. Final Rule, 88 Fed. Reg. at 9337.

EPA's Final Rule expressly states that under § 7607(b)(1), any petition for judicial review must be filed in the D.C. Circuit because the rule is nationally applicable, or, in the event a court determined the Final Rule to be locally or regionally applicable, because the Final Rule is based on a determination of

4

nationwide scope or effect and EPA so found when it published the Final Rule.  *Id.*

at 9380.  Nonetheless, on February 16, 2023, Arkansas petitioned for review of the

Final Rule in this Court.  Ark. Pet., ECF No. 5246849.  Because the Final Rule is

challengeable only in the D.C. Circuit, this Court should transfer or dismiss

Arkansas's petition.

## ARGUMENT

I.     **Venue Lies Exclusively in the D.C. Circuit Both Because the Final Rule is "Nationally Applicable" and, Alternatively, Because It is Based on a Determination of "Nationwide Scope or Effect" Made and Published by EPA.**

The Act establishes exclusive venue in the D.C. Circuit to review two

categories of EPA actions: those that are "nationally applicable," and those that are

"locally or regionally applicable" but "based on a determination of nationwide

scope or effect" made and published by EPA.  42 U.S.C. § 7607(b)(1).  The Final

Rule clearly falls within one or the other of these categories, and for either reason

is subject to review only in the D.C. Circuit.

*First*, the Final Rule is nationally applicable, not merely locally or regionally

applicable.  It does not simply disapprove Arkansas's submission but disapproves

submissions from 21 states spanning eight of the ten EPA Regions and the

jurisdictions of ten federal courts of appeals.  Final Rule, 88 Fed. Reg. at 9380.

The "consensus" view among the courts of appeals is that jurisdiction turns

on "the nature of the EPA's action, not the specifics of the petitioner's grievance."

Appellate Case: 23-1320     Page: 5     Date Filed: 05/09/2023 Entry ID: 5275217

*RMS of Ga., LLC v. EPA*, 64 F.4th 1368, 1372 (11th Cir. 2023) (reaching "the same conclusion" as the Seventh, Tenth, and D.C. Circuits). Thus, when EPA takes a single action affecting multiple states or SIP submissions, courts look to the geographic scope of the action as a whole to determine whether it is nationally applicable. *See S. Ill. Power Cooperative v. EPA*, 863 F.3d 666, 670 (7th Cir. 2017) ("[V]enue depends entirely on—and is fixed by—the nature of the agency's action; the scope of the petitioner's challenge has no role to play in determining venue."); *ATK Launch Sys., Inc. v. EPA*, 651 F.3d 1194, 1197 (10th Cir. 2011) (finding EPA action designating portions of 18 states as nonattainment areas nationally applicable (citing 74 Fed. Reg. 58688, 58696 (Nov. 13, 2009)); *cf. Sierra Club v. EPA*, 926 F.3d 844, 849 (D.C. Cir. 2019) (finding EPA action that denied a "petition for objection to a single permit for a single plant located in a single state" was not nationally applicable on its face). Thus, the Final Rule's direct effect within 21 geographically-dispersed states is determinative of the venue question. That effect is not merely "local" or "regional," as it would have to be to justify venue in this Court. The Court should grant EPA's motion on this basis alone.

The Fifth Circuit's issuance of dueling, unpublished opinions on this subject does not merit a different approach. In *Texas v. EPA* (*2011 Texas*), that court correctly deemed EPA's final action issuing a "SIP call" nationally applicable

Appellate Case: 23-1320    Page: 6    Date Filed: 05/09/2023 Entry ID: 5275217

because it directly applied to 13 "far-flung" states, rather than "*only to one air quality control region*." No. 10-60961, 2011 WL 710598, at *4 (5th Cir. Feb. 24, 2011) (citation omitted). As it explained: "This far-flung collection of states comprises no 'region' of which we are aware. Thus, the SIP Call is not 'regional' under the most plain of definitions: 'affecting a particular region.'" *Id.* at *3 (citation omitted). But more recently, a divided Fifth Circuit panel held that the Final Rule challenged here is not nationally applicable because "[t]he relevant unit of administrative action here is the EPA's individual SIP denials" for each of the states. Order, *Texas v. EPA*, No. 23-60069 (5th Cir. May 1, 2023), ECF No. 269, at 9 ("*Texas* Order"). *But see id.* at 25-28 (Douglas, J., dissenting) (opining that the panel's ruling conflicts with *2011 Texas* and precedents of sister circuits).[2] That holding, which "do[es] not bind the merits panel" even in the Fifth Circuit, *id.* at 24, conflicts with Congress's intent to craft an action-focused venue provision in the CAA, such that EPA's discretionary choices about how to order its docket can appropriately influence venue for challenges to those actions. *See NAACP v. FPC*, 425 U.S. 662, 668 (1976); *see also* Venue Reply at 3, ECF No. 5267058. It also conflicts with the Tenth Circuit's holding in *ATK* and all prior cases save one

---

[2] Judge Douglas, dissenting, also explained why she believed a 2016 Fifth Circuit decision, *Texas v. EPA,* 829 F.3d 405 (5th Cir. 2016)*,* supported a finding of venue in the D.C. Circuit, not the Fifth Circuit, as the majority believed. *Texas* Order at 25-26, 28-29.

Appellate Case: 23-1320    Page: 7    Date Filed: 05/09/2023 Entry ID: 5275217

(which the Seventh Circuit later overruled, see *infra* note 7) that have addressed the "nationally applicable" provision of § 7607(b)(1). *See* Venue Mot. at 10 n.7, ECF No. 5256958 (citing cases). The challenged action in *ATK* similarly involved a CAA requirement that EPA evaluate each state's proposed nonattainment designations and promulgate final designations; and, like here, EPA did so in one final action that designated 31 areas across the country as in nonattainment. 651 F.3d at 1195, 1197. The Tenth Circuit in *ATK* specifically rejected as unpersuasive petitioner's argument that such "case-by-case consideration of areas and boundaries transforms a national standard to a regional or local rule." *Id.* at 1198.

*Second*, even if the Court disagrees with EPA and finds that the Final Rule is locally or regionally applicable, venue still lies in the D.C. Circuit because EPA made and published its finding that the Final Rule is based on a determination of nationwide scope or effect. *See* Final Rule, 88 Fed. Reg. at 9380-81; *see also* Venue Mot. at 14-15.

The legislative history of the "nationwide scope or effect" provision evinces congressional intent to centralize review of "national" SIP issues in the D.C. Circuit and a recognition that, although SIP actions "usually involve issues peculiar to the affected States, such actions sometimes involve generic determinations of nationwide scope or effect." 41 Fed. Reg. 56767, 56768-69

8

(Dec. 30, 1976);[3] *see also* Venue Reply at 8-9.  Recognizing that the distinction between categories of actions reviewable under § 7607(b)(1) may be "elusive," *Tex. Mun. Power Agency v. EPA*, 89 F.3d 858, 867 n.6 (D.C. Cir. 1996),[4] Congress authorized the EPA Administrator to determine whether a locally or regionally applicable rule is based on a determination of nationwide scope or effect for purposes of judicial review.  That determination is entitled to significant deference. *See Nat'l Env't Dev. Ass'ns Clean Air Project v. EPA*, 891 F.3d 1041, 1053 (D.C. Cir. 2018) (Silberman, J., concurring) (stating that deference to EPA's determination of nationwide scope or effect "should be particularly generous because the Administrator, as the national regulator, is in a much better position than a regional circuit court to evaluate the nationwide impact of her action").

Here, the Administrator reasonably exercised this discretion in finding and publishing that the Final Rule is based on a determination of nationwide scope or effect.  To safeguard the health and welfare of millions of people spread throughout this country, rather than being confined to any locality or region, the

---

[3] This is the Federal Register notice that provides the Administrative Conference of the United States' recommendation to Congress to amend § 7607 to clarify venue for categories of CAA actions.  *See* 41 Fed. Reg. at 56767; *see also* Ark. Venue Opp. at 19, ECF No. 5262819.

[4] *Cf. W. Va. Chamber of Com. v. Browner*, No. 98-1013, 1998 WL 827315, at *6 (4th Cir. Dec. 1, 1998) (noting that while some cases involve actions that are either clearly nationally applicable or clearly regionally/locally applicable, some cases fall "in between these two sets of clear cases").

Appellate Case: 23-1320     Page: 9     Date Filed: 05/09/2023 Entry ID: 5275217

CAA's Good Neighbor Provision requires EPA and states to ensure that states'

emissions that transcend state borders do not significantly contribute to air quality

problems in other states. *See EME Homer*, 572 U.S. at 495-96. Due to the Good

Neighbor Provision's interstate focus, EPA's evaluation of states' Good Neighbor

plans for the latest ozone air-quality standards considered complex, interwoven,

and overlapping linkages between and among multiple states, as illustrated below.[5]



---

[5] EPA, Interstate Pollution Linkages Under the Good Neighbor Plan, *available at* https://www.epa.gov/csapr/good-neighbor-plan-2015-ozone-naaqs#maps.

Appellate Case: 23-1320     Page: 10     Date Filed: 05/09/2023 Entry ID: 5275217

In the Final Rule, EPA found that emissions from 21 "upwind" states have impacts on air quality in multiple "downwind" states. Likewise, the affected downwind states are impacted by emissions from multiple upwind states. The nationwide scope or effect of these determinations are plain.

What is more, EPA evaluated each plan based on a common core of nationwide policy judgments and technical analyses. Final Rule, 88 Fed. Reg. at 9380. It did so to ensure national consistency and avoid inconsistent or inequitable results among upwind states and between upwind and downwind states. *Id.* at 9381. Taking this nationally consistent approach, EPA determined that 21 states' plans failed to adequately address their interstate air pollution. *Id.* at 9337-38. To efficiently address together like submissions by states that EPA evaluated through a nationally consistent lens, EPA disapproved those states' plans in a single final action—the Final Rule—and also published its finding that the Final Rule is based on a determination of nationwide scope or effect. *Id.* at 9380-81.

Thus, even if the Court determines that the Final Rule is a locally or regionally applicable action, venue for the petitions for review of the Final Rule lies exclusively in the D.C. Circuit because the record robustly supports the Administrator's conclusion that the Final Rule is based on a determination of nationwide scope or effect.

11

The Final Rule is easily distinguishable from two other challenged actions that this Court deemed to be reviewable in the regional circuit. *NPCA* addressed a challenge to EPA's action on the "*Minnesota* Regional Haze State Implementation Plan," which applied only to Minnesota. 816 F.3d at 991, 993-94. Likewise, *Nebraska v. EPA* addressed a challenge to EPA's action on the "*Nebraska* Regional Haze State Implementation Plan," which applied only to Nebraska. 812 F.3d 662, 666-69 (8th Cir. 2016). In each of these cases, this Court held that the action being challenged was locally or regionally applicable because it applied to only a single state, even though EPA relied upon a separate, nationally applicable rule to evaluate the adequacy of the plan. *NPCA*, 816 F.3d at 993-94; *Nebraska*, 812 F.3d at 668-69.[6]

Further, in *NCPA* and *Nebraska*, unlike in the Final Rule here, EPA did not find or publish that the challenged actions were based on a determination of nationwide scope or effect. The Court in those cases was clear that this prong of the venue analysis therefore did not apply. *NPCA*, 816 F.3d at 993; *Nebraska*, 812 F.3d at 669. Here, by contrast, EPA reasonably found and published that the Final

---

[6] Notably, to the extent *NPCA* relied on the reasoning in *Madison Gas & Elec. Co. v. EPA*, 4 F.3d 529 (7th Cir. 1993), its reasoning is flawed, as the Seventh Circuit has since expressly overruled *Madison Gas*. *See S. Ill. Power*, 863 F.3d at 673.

Appellate Case: 23-1320    Page: 12    Date Filed: 05/09/2023 Entry ID: 5275217

Rule is based on a determination of nationwide scope or effect, Final Rule, 88 Fed. Reg. at 9380-81, and that determination is entitled to deference.

Indeed, other EPA actions addressing multiple states' Good Neighbor obligations, like the Final Rule, have been properly challenged in the D.C. Circuit. *See, e.g.*, *Midwest Ozone Grp. v. EPA*, 61 F.4th 187, 189 n.1 (D.C. Cir. 2023) (collecting cases); *Cedar Falls Utils. v. EPA*, No. 16-4505 (8th Cir. Feb. 22, 2017), ECF No. 4503949 (transferring such a challenge to the D.C. Circuit); *see also* *Nevada v. EPA*, No. 23-1113 (D.C. Cir. 2023) (properly challenging the Final Rule in the D.C. Circuit). Any other result would run contrary to Congress's clear venue instructions. *See* 42 U.S.C. § 7607(b)(1).

The non-binding *Texas* Order again erred on this point. Its reasoning that an EPA action cannot be "based on a determination of nationwide scope or effect," 42 U.S.C. § 7607(b)(1), unless EPA refuses to consider *any* "facts and circumstances of each particular state's [SIP] submission," *Texas* Order at 11 (quotation omitted), impermissibly adds a new word—"only," as in "based *only* on a determination of nationwide scope or effect"—into the CAA. Such a judicial revision of the statute all but nullifies the determination-of-nationwide-scope-or-effect provision and "gut[s] the underlying policy of" Congress to centralize judicial review, *id.* at 29 (Douglas, J., dissenting), in cases like this one, where "EPA applied a uniform national approach to evaluate state plans and ensure equity among them," *id.* at 25.

13

Applying the only reasonable construction of the CAA's text, purpose, and history, this Court should transfer Arkansas's petition—and the other misfiled petitions for review of the Final Rule—to the D.C. Circuit.

## II. The Unexplained April 25 Order Creates Confusion for the Pending Venue Motions Filed in this Circuit and Others Throughout the Country and May Well Lead to Duplicative Litigation and Inconsistent Results on Matters Where Congress Expressed a Clear Intent for National Uniformity.

As the statutory text reflects, Congress specifically enacted the CAA's venue provision to prevent wasteful, duplicative petitions for review of final actions of national character and to avoid potentially inconsistent results that would ensue absent consolidated review of such actions in a single court. *See* 41 Fed. Reg. at 56769 (providing Congress's intent to have "centralize[d] review of 'national' SIP issues in the D.C. Circuit" would take "advantage of its administrative law expertise and facilitat[e] an orderly development of the basic law under the Act, rather than to have such issues decided separately by a number of courts"). The April 25 Order denying, without explanation, EPA's request to transfer the petition for review to the proper forum undermines Congress's bifurcated venue scheme by allowing petitioners to proceed in the wrong forum. It also injects unnecessary confusion and inefficiencies into judicial review of EPA actions under the Act, as

14

the same issue is present in other petitions pending before this Court and multiple other circuits across the country.[7]

The Final Rule is being challenged not just by Arkansas and industries within Arkansas, but by Missouri (and Missouri-based industries) and Minnesota-based industries in this Court; by West Virginia in the Fourth Circuit; by Louisiana (and Louisiana-based industries), Mississippi (and a Mississippi-based industry), and Texas (and Texas-based industries) in the Fifth Circuit; by Kentucky in the Sixth Circuit; by a Nevada-based industry in the Ninth Circuit; by Oklahoma (and Oklahoma-based industries), Utah (and Utah-based industries), and Wyoming (and Wyoming-based industries) in the Tenth Circuit; by Alabama (and Alabama-based

---

[7] Indeed, petitioners in other regional circuit courts have cited the April 25 Order as supplemental authority on which other courts should rely. *See, e.g.*, *Texas*, No. 23-60069, ECF No. 253 (5th Cir. Apr. 25, 2023); *Kentucky v. EPA*, No. 23-3216, ECF No. 17 (6th Cir. Apr. 26, 2023); *Utah*, No. 23-9509, ECF No. 10994344 (10th Cir. Apr. 25, 2023).

15

industries) in the Eleventh Circuit; and by Nevada in the D.C. Circuit.[8]  That the

Final Rule has spawned 42 petitions for review in eight of the twelve judicial

circuits alone is a testament to the national character of EPA's action and the

importance of consolidated review in a single forum.

Although Arkansas and every other petitioner purport to challenge the Final

Rule as it relates only to EPA's disapproval of an individual state's submission,

these petitioners in fact each challenge a consolidated action that is "nationally

applicable" or, alternatively, "based on a determination of nationwide scope or

effect" made and published by EPA.  It is impossible to analyze EPA's disapproval

of each state's SIP in a vacuum—especially when considering the interstate,

downwind impacts of the states' pollution and Good Neighbor obligations.  In the

Final Rule, EPA applied "the same, nationally consistent 4-step interstate transport

---

[8] *See, e.g.*, *West Virginia v. EPA*, No. 23-1418 (4th Cir.); *Texas*, No. 23-60069 (5th Cir.); *Kentucky*, No. 23-3216 (6th Cir.); *Ky. Energy & Env't Cabinet v. EPA*, No. 23-3225 (6th Cir.); *Sw. Elec. Power Co. v. EPA*, No. 23-1765 (8th Cir.); *Ark. League of Good Neighbors v. EPA*, No. 23-1778 (8th Cir.); *Hybar v. EPA*, No. 23-1777 (8th Cir.); *Missouri v. EPA*, No. 23-1719 (8th Cir.); *Union Elec. Co. v. EPA*, No. 23-1751 (8th Cir.); *City Utils. of Springfield v. EPA*, No. 23-1774 (8th Cir.); *Allete, Inc. v. EPA*, No. 23-1776 (8th Cir.).; *Nev. Cement Co. v. EPA*, No. 23-682 (9th Cir.); *PacifiCorp v. EPA*, No. 23-9512 (10th Cir.); *Utah Associated Mun. Power Sys. v. EPA*, No. 23-9520 (10th Cir.); *Oklahoma v. EPA*, No. 23-9514 (10th Cir.); *Okla. Gas & Elec. Co.*, No. 23-9521 (10th Cir.); *Wyoming v. EPA*, No. 23-9529 (10th Cir.); *PacifiCorp v. EPA*, No. 23-9531 (10th Cir.); *Basin Elec. Power Co. v. EPA*, No. 23-9537 (10th Cir.); *Alabama v. EPA*, No. 23-11173 (11th Cir.); *Ala. Power Co. v. EPA*, No. 23-11196 (11th Cir.); *Nevada v. EPA*, No. 23-1113 (D.C. Cir.).

Appellate Case: 23-1320     Page: 16     Date Filed: 05/09/2023 Entry ID: 5275217

framework for assessing obligations for the 2015 ozone [national ambient air quality standards]." Final Rule, 88 Fed. Reg. at 9380. EPA's assessment resulted in the disapproval of 21 SIPs, all for similar reasons.

For example, in disapproving Arkansas's SIP, EPA found legally and technically inadequate Arkansas's argument that guidance issued under the Prevention of Significant Deterioration permitting program is applicable to the Good Neighbor Provision and supports an alternative contribution threshold of 1 part per billion at Step 2. *Id.* at 9372. EPA considered, and rejected, this identical argument from, *inter alia*, Alabama (whose SIP disapproval is being challenged in the Eleventh Circuit), Kentucky (likewise being challenged in the Sixth Circuit), Mississippi (likewise being challenged in the Fifth Circuit), Nevada (likewise being challenged in the Ninth and D.C. Circuits), and Oklahoma (likewise being challenged in the Tenth Circuit). *Id.* at 9355-59; *see also* Venue Mot. at 15 n.10.

This single example (which is just one of many) demonstrates that the legal arguments any individual petitioner may raise in challenging EPA's disapproval of an individual submission will necessarily be duplicative of arguments raised by one or more other petitioners in other courts. Indeed, each of Arkansas's merits arguments raised in its stay motion were also raised by other petitioners in their respective stay motions. For example, Arkansas, Texas, and Louisiana, all argued that EPA's consideration of updated modeling that was not available when the

17

states submitted their SIPs was arbitrary and capricious. Ark. Stay Mot. at 10-16, ECF No. 5260845; La. Stay Mot. at 12-13, *Texas*, No. 23-60069 (5th Cir. Mar. 27, 2023), ECF No. 112 (same).[9] Similarly, Arkansas and a Utah utility both argued that EPA's alleged recantation of its 1 ppb contribution threshold guidance was arbitrary and capricious. Ark. Stay Mot. at 17-19; PacifiCorp Stay Mot. at 16-17, 20-21, *PacifiCorp v. EPA*, No. 23-9512 (10th Cir. Mar. 15, 2023), ECF No. 010110827245 (same).[10]

The Tenth Circuit's order referring EPA's Venue Motion to the merits panel for resolution and the Fifth Circuit motions panel's order denying EPA's Venue Motion will result, at least for the time being, in identical issues regarding the same EPA action being presented to multiple courts for resolution. Ironically, each of these courts has *recognized* the inter-relatedness of the challenges to the Final Rule in their other procedural rulings. The Tenth Circuit has ordered the parties to confer and coordinate on procedures for consolidation and case management across challenges involving three states. *See Utah*, No. 23-9509, ECF No.

---

[9] And EPA's responses to both sets of arguments have also been the same. EPA Resp. at 16-18, *Arkansas*, No. 23-1320 (8th Cir. Apr. 28, 2023), ECF No. 5270698; EPA Resp. at 16-19, *Texas*, No. 23-60069 (5th Cir. Apr. 17, 2023), ECF No. 223.

[10] The stay motion in *PacifiCorp* has not yet been fully briefed because the Tenth Circuit denied it without prejudice to renew following the parties' submission of a proposed briefing schedule. *Utah*, No. 23-9509, ECF No. 010110851717, at 6 (10th Cir. Apr. 28, 2023).

Appellate Case: 23-1320     Page: 18     Date Filed: 05/09/2023 Entry ID: 5275217

010110851717, at 5 (10th Cir. Apr. 28, 2023) ("Given that all ten petitions challenge the same Final Rule, and that each state's SIP is implicated in multiple petitions, it appears that these petitions would benefit from at least some degree of procedural consolidation or other coordinated case management in order to eliminate duplicative argument and minimize the work of counsel.").  Similarly, the Fifth Circuit has *sua sponte* consolidated all challenges to the Final Rule (brought by 10 petitioners in Texas, Louisiana, and Mississippi) into one docket. *See generally Texas*, No. 23-60069.

The fact that each petitioner raises similar issues warranting consolidation strongly supports EPA's position that the Final Rule is either nationally applicable or has nationwide scope or effect and should be heard in a single circuit—the D.C. Circuit.  The April 25 Order denying EPA's motion to transfer will waste judicial resources and could very well lead to inconsistent results among circuits on national issues, for which Congress has expressed a specific preference for national uniformity.  Indeed, it encourages parties to disregard Congress's instructions as to venue.  And the problem of inconsistency is especially acute here where the problem being addressed is *inter*state pollution, and conflicting rulings could lead to a state benefiting from reductions in emissions from upwind states while failing to reduce its own emissions to downwind states.  In line with congressional intent,

19

EPA respectfully requests that this Court transfer Arkansas's petition for review to the D.C. Circuit or dismiss it for improper venue.

## III. In the Alternative, EPA Requests that the Court Clarify that the Question of Venue May be Reconsidered by the Merits Panel.

If the Court is not inclined to reconsider the April 25 Order, EPA requests that the Court clarify that the order is without prejudice to reconsideration of the issues raised in EPA's Venue Motion by the merits panel. The April 25 Order states only that EPA's motion is denied, without further explanation. Thus, it does not "provide sufficient directness and clarity to establish the settled expectations of the parties necessary for [any] subsequent application" of that order. *Nyffeler Constr., Inc. v. Sec'y of Lab.,* 760 F.3d 837, 842 (8th Cir. 2014) (internal quotation marks and citation omitted); *see also id.* (holding that a merits panel is not bound by the law-of-the-case doctrine on an issue previously decided by an administrative panel when the administrative panel's decision does not provide an explanation for its decision). Indeed, the prevailing view in this court is only that an administrative panel's decision to deny a motion to dismiss *for lack of jurisdiction* generally becomes law of the case—but, here, this Court has not yet addressed whether § 7607(b)(1)'s circuit-selection provision is jurisdictional, so this prevailing view does not apply for this additional reason. *Id.* at 841.

Consistent with this authority, the Court's practice in other similar Clean Air Act cases, and other motions panel decisions on EPA's Venue Motion, if the Court

20

does not reconsider its April 25 Order, EPA requests that the Court clarify that the

merits panel can address the venue issues after full briefing and is not bound by the

April 25 Order.  *See* Order, *Lion Oil*, No. 14-3405, ECF No. 4229365 (referring

EPA's Venue Motion to the merits panel); Order, *Utah*, No. 23-9509, ECF No.

010110851072 (same); *Texas* Order at 24 (concluding that its decision does not

bind the merits panel).

## CONCLUSION

For the foregoing reasons, EPA respectfully requests that the Court

reconsider the April 25 Order and transfer Arkansas's petition for review of the

Final Rule to the D.C. Circuit or dismiss it for improper venue.  In the alternative,

EPA respectfully requests that the Court clarify that the merits panel is not bound

by the April 25 Order and may address venue after full briefing.

Respectfully submitted,

TODD KIM
Assistant Attorney General

*/s/ Jin Hyung Lee*

Of Counsel:

JIN HYUNG LEE
ALEXANDRA L. ST. ROMAIN

ROSEMARY HAMBRIGHT KABAN
DANIEL P. SCHRAMM
U.S. Environmental Protection Agency
Office of General Counsel
Washington, D.C.

U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-2640
jin.hyung.lee@usdoj.gov

May 9, 2023

Appellate Case: 23-1320   Page: 22   Date Filed: 05/09/2023 Entry ID: 5275217

## CERTIFICATES OF COMPLIANCE

I hereby certify that this motion complies with the requirements of Fed. R. App. P. 27(d)(2)(A) because it contains 4,754 words according to the count of Microsoft Word, excluding the parts of the motion exempted by Fed. R. App. P. 32(f), and therefore is within the word limit of 5,200 words.

I further certify that this motion complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in 14-point Times New Roman, a proportionally-spaced font, and is double-spaced, except for headings, block quotes, and footnotes.


Dated: May 9, 2023                      */s/ Jin Hyung Lee*
                                        JIN HYUNG LEE

Appellate Case: 23-1320    Page: 23    Date Filed: 05/09/2023 Entry ID: 5275217

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing EPA's Motion to Transfer the

Petition for Review to the D.C. Circuit or Dismiss Based on Improper Venue on all

registered counsel through the Court's electronic filing system (CM/ECF).

Dated: May 9, 2023

*/s/ Jin Hyung Lee*
JIN HYUNG LEE

Appellate Case: 23-1320    Page: 24    Date Filed: 05/09/2023 Entry ID: 5275217